**UNITED STATES DISTRICT COURT FOR THE**
**MIDDLE DISTRICT OF FLORIDA**

***TAMPA DIVISION***

**NOOSI PULS, individually, and**
**MATTHEW PULS, as husband,**

**Plaintiffs,**

**v.** **Case No:**

**AMERICAN AIRLINES, INC.,**

**Defendant,**
______________________________/

**COMPLAINT and DEMAND FOR JURY TRIAL**

Plaintiffs, NOOSI PULS, individually, and MATTHEW PULS, as husband, sue Defendant, AMERICAN AIRLINES, INC, upon the facts and causes alleged below.

## I. JURISDICTION AND VENUE

1. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1332 because this is an action involving citizens of different states. Defendant, AMERICAN AIRLINES, INC. is a Delaware corporation, with its principal place of business at 4333 Amon Carter Boulevard, MD5675, Ft. Worth, Texas, 76155. Plaintiffs, MATTHEW PULS and NOOSI PULS (collectively, the "Plaintiffs") reside in New Port Richey, Pasco County, Florida. The flight on which the injury occurred originated from the Washington – Reagan International Airport ("DCA").

## II. NATURE OF CLAIM

2. Plaintiffs seek remedies for Florida state claims, including negligence, loss of consortium, and breach of contract.

## III. PARTIES

3. Plaintiff, NOOSI PULS, was at all relevant times:

   a. a resident of Pasco County, Florida;

   b. Plaintiff, MATTHEW PULS' wife; and

   c. is otherwise *sui juris.*

4. Plaintiff, MATTHEW PULS, was at all relevant times:

   a. a resident of Pasco County, Florida;

   b. Plaintiff, NOOSI PULS' husband; and

   c. is otherwise *sui juris.*

5. Plaintiffs are adult individuals who are currently married and residing in New Port Richey, Florida.

6. Defendant, AMERICAN AIRLINES, INC. (hereinafter, "AMERICAN AIRLINES"), was at all times relevant, and is:

   a. a Delaware corporation, with its principal place of business at 4333 Amon Carter Boulevard, MD5675, Ft. Worth, Texas, 76155;

   b. registered to conduct business in the state of Florida, with a Registered Agent Name and Address of: CT Corporation System, 1200 S. Pine Island Road, Plantation, Florida 33324;

   c. transacting business in Tampa, in Hillsborough County, Florida; and

   d. engaged in operating foreign and domestic flights, arriving at and departing from: Tampa International Airport, 4100 George J. Bean Parkway, Tampa, Florida 33607, in Hillsborough County, Florida.

7. At all times relevant, NOOSI PULS was a business invitee lawfully on and/or within the premises known to her as AMERICAN AIRLINES' Flight No. 1846, Seat No. 12D, on AMERICAN AIRLINES Flight 1846, from Washington, D.C., to Tampa, Florida, on December 30, 2015.

8. At all times relevant, AMERICAN AIRLINES, for the purpose of conducting their business did own, operate, maintain and/or have under its exclusive care, custody, and control the described airplane, all items taken onto the aircraft by all passengers, including NOOSI PULS, and the manner in which these items are stored on the aircraft.

9. At all times relevant, AMERICAN AIRLINES, acted improperly and/or failed to act properly by and through its employees, agents, servants, and/or representatives who were acting within the course of their employment and on behalf of AMERICAN AIRLINES.

10. Plaintiffs have engaged the undersigned attorneys and have agreed to pay a reasonable fee for their services, and to reimburse them for reasonable costs incurred.

11. All conditions precedent to initiating this action have been performed, excused, or waived.

## IV. FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

12. On November 30, 2015, NOOSI PULS obtained a ticket to travel on AMERICAN AIRLINES flights 1762 and 1846: AMERICAN AIRLINES' Flight 1762 departed from Tampa International Airport ("TPA") on December 22, 2015 at 7:25 AM (EST), arriving at Washington – Reagan International Airport ("DCA") on December 22, 2015 at 9:33 AM (EST); AMERICAN AIRLINES' Flight 1846 departed from DCA on

December 30, 2015 at 11:30 AM (EST), arriving at TPA on December 30, 2015 at 1:56 PM (EST). See Exhibit A, attached.

13. On December 30, 2015, NOOSI PULS boarded AMERICAN AIRLINES' Flight 1846 for her return flight to TPA, scheduled to begin boarding in DCA at 11:00 AM (EST) and depart DCA by 11:30 AM (EST). NOOSI PULS was seated in seat 12D. See Exhibit B, attached.

14. When AMERICAN AIRLINES' Flight 1846 landed at TPA, the overhead compartment located directly above NOOSI PULS' seat, suddenly and without warning, opened. Items then rained down from the overhead compartment above. One of those items was a glass "Snapple" bottle.

15. The glass Snapple bottle descended unimpeded from the overhead compartment of AMERICAN AIRLINES' Flight 1846, striking NOOSI PULS' skull with abrupt and violent force, causing her serious bodily injury.

16. All overhead compartments were to be checked and closed by AMERICAN AIRLINES prior to take-off.

17. In fact, this particular overhead compartment was shut and/or secured by a flight attendant prior to take-off.

18. There was no turbulence or other occurrence, which caused the aircraft to suddenly move or jolt to cause the opening of the mentioned overhead compartment.

19. Upon information and belief, the overhead compartment had not been opened by any passenger or any other individual during the course of the flight after take-off, but prior to the incident.

20. The force from the impact of glass Snapple bottle with NOOSI PULS' skull was so abrupt and violent that she required immediate medical attention from Tampa Fire Rescue.

21. According to a report from Tampa Fire Rescue, NOOSI PULS began experiencing head pain after having "a glass bottle fall onto [her] head from the overhead compartment on the aircraft...she felt dizzy initially but that...subsided...pain to the top of her head primary and secondary noted contusion to left side of the top [of] her head." A visible knot developed on NOOSI PULS' head shortly thereafter. Her dizziness was so overwhelming that she could barely walk.

22. NOOSI PULS, accompanied by MATTHEW PULS, sought treatment at the Emergency Department at Medical Center of Trinity in Trinity, Florida that same day. Ultimately, NOOSI PULS was discharged with a head injury, with follow-up ordered.

23. As a result of the December 30, 2015 incident aboard AMERICAN AIRLINES' Flight 1846, NOOSI PULS sustained severe, permanent and disabling injuries.

24. As a result of the December 30, 2015 incident aboard AMERICAN AIRLINES' Flight 1846, MATTHEW PULS sustained derivative injuries, including Loss of Consortium.

25. At all times relevant, AMERICAN AIRLINES acted improperly and/or failed to act properly by and through its employees, agents, servants, and/or representatives who were acting within the course of their employment and on behalf of AMERICAN AIRLINES.

## V. CAUSES OF ACTION

## COUNT I

### *Negligence*

### *NOOSI PULS v. AMERICAN AIRLINES*

26. NOOSI PULS incorporates and re-alleges the allegations of paragraphs 1 through 25, above.

27. On or about December 30, 2015, at approximately 11:56 PM (EST), NOOSI PULS was a passenger aboard AMERICAN AIRLINES' Flight 1846 from Washington, D.C., to Tampa, Florida, seated in 12D. Once AMERICAN AIRLINES' Flight 1846 had landed, the overhead compartment suddenly opened and items fell onto NOOSI PULS' skull, causing severe, permanent and disabling injuries.

28. It was AMERICAN AIRLINES' duty to keep and maintain the overhead compartments in a good and safe condition so that same should not constitute a menace, danger, nuisance, snare or trap for passengers, such as NOOSI PULS.

29. Notwithstanding this duty at the time of the occurrence, and prior thereto, AMERICAN AIRLINES negligently permitted the mentioned property to become and remain in a dangerous and/or defective condition, in that AMERICAN AIRLINES did not close the overhead compartment over NOOSI PULS' seat so it would be in a safe position and not be a hazard so as to constitute a menace, danger, nuisance, snare and/or trap for passengers, including NOOSI PULS.

30. AMERICAN AIRLINES had or should or could have had knowledge or notice of the existence of the mentioned dangerous condition on the above premises.

31. As a direct and proximate result of the mentioned defective and/or dangerous condition within AMERICAN AIRLINES' airplane, AMERICAN AIRLINES Flight 1846, and the described incident, NOOSI PULS sustained severe, permanent and disabling injuries and damages, as will be more fully set forth.

32. At all times relevant, NOOSI PULS acted in a careful, cautious, reasonable and prudent manner and was free from any comparative negligence.

33. At all times relevant, NOOSI PULS was free from any comparative negligence and did not in any manner assume the risk of injury and/or accident.

34. The mentioned incident and resulting injuries and/or damages were due in no part whatsoever to any act or failure to act on the part of NOOSI PULS.

35. The mentioned incident and resulting injuries and/or damages sustained by NOOSI PULS directly and proximately resulted from the negligence, carelessness and/or unlawful actions of AMERICAN AIRLINES, whose conduct consisted of, but were not limited to, the following:

(a) failing to maintain the overhead compartment of the airplane, and AMERICAN AIRLINES' Flight 1846, in a condition which would protect and safeguard the welfare of persons lawfully in the airplane;

(b) permitting the overhead compartment to become and remain in a dangerous and/or defective state so as to constitute a menace, danger, nuisance, snare and trap for persons lawfully there;

(c) failing to inspect the premises at reasonable intervals in order to determine its condition so as to repair any defects;

(d) failing to issue any warning, verbal, written, actual and/or constructive, to persons lawfully there of the described dangerous condition of the overhead compartment which existed within the airplane at the described location;

(e) failing to correct or cure a dangerous and/or defective condition which AMERICAN AIRLINES knew or should have known to have existed;

(f) permitting NOOSI PULS to occupy Seat No. 12D within AMERICAN AIRLINES' airplane, and AMERICAN AIRLINES Flight 1846, when AMERICAN AIRLINES knew, or in the exercise of reasonable care should have known, that it was dangerous to do so, and involved an unreasonable risk of harm to persons so doing;

(g) failing to provide NOOSI PULS and other persons lawfully on the airplane with a safe environment;

(h) failing to provide NOOSI PULS and other persons lawfully on the airplane with an environment free from any falling debris;

(i) failing to maintain the premises in a manner consistent with and in conformity with recognized standards of care, design and safety and in accordance with applicable state and federal laws and regulations then in effect;

(j) allowing a dangerous and/or defective condition to exist within the airplane while business invitees of AMERICAN AIRLINES were allowed to utilize the airplane seat in question;

(k) creating a dangerous and/or defective condition within the airplane, and AMERICAN AIRLINES Flight 1846;

(l) failing to post adequate warning signs, barriers and/or barricades in an effort to alert those persons lawfully on the airplane of the dangerous condition which existed;

(m) violating the standard care due business invitees, including NOOSI PULS;

(n) failing to properly position the described items in such a manner as to avoid the collapse and/or falling of the items from the mentioned compartment;

(o) failing to properly secure the described items in the compartment in such a manner as to avoid the items from falling onto NOOSI PULS and/or other patrons of AMERICAN AIRLINES' airplane and AMERICAN AIRLINES' Flight 1846;

(p) AMERICAN AIRLINES' actions and/or inactions and negligence are *res ipsa loquitur doctorate*;

(q) *Res ipsa lopquitur* applies to the incident in question;

(r) AMERICAN AIRLINES is vicariously liable under the dangerous instrumentality doctrine; and

(s) further negligence as discovery may reveal.

36. As a direct and proximate result of the described incident, NOOSI PULS suffered severe, permanent and disabling injuries, including but not limited to: head injury, with residual post-traumatic neuralgia-type headaches with migrainous features; post-concussive syndrome with personality change, affecting cognitive function; depression; memory-loss; and injury to muscular skeletal system and nervous system.

37. As a direct and proximate result of the mentioned incident and resulting injuries and damages, NOOSI PULS suffered, suffers, and will continue to suffer from physical and mental anguish, pain, suffering and inconvenience.

38. As a direct and proximate result of the mentioned incident and resulting injuries and damages, NOOSI PULS suffered, suffers, and may continue to suffer shock and injuries to her nerves and nervous system and has suffered, suffers, continues to suffer emotional distress.

39. As a direct and proximate result of the mentioned incident and resulting injuries and damages, NOOSI PULS has been deprived, is deprived, and may continue to be deprived of the ordinary pleasures of life.

40. As a direct and proximate result of the mentioned incident and resulting injuries and damages, NOOSI PULS has been compelled, is compelled, and may continue to be compelled to expend monies for medical aid, medicines and similar medical and medically related instrumentalities and modalities.

41. As a further result of this accident, NOOSI PULS has suffered a severe loss of her earnings, as well as a severe impairment of her earning capacity and power.

**WHEREFORE**, it is respectfully requested that judgment be entered for NOOSI PULS, and against AMERICAN AIRLINES, for compensatory damages, together with interest, costs and attorneys' fees.

## COUNT II

### *Loss of Consortium*

### *MATTHEW PULS v. AMERICAN AIRLINES*

42. MATTHEW PULS incorporates and re-alleges paragraphs 1 through 25, above.

43. At all relevant times, MATTHEW PULS and NOOSI PULS were married. Accordingly, MATTHEW PULS is the lawfully wedded husband of NOOSI PULS.

44. As a result of the wrongful and negligent acts of AMERICAN AIRLINES, MATTHEW PULS has been deprived of the assistance, society, comfort and companionship of his wife, NOOSI PULS, and as a result, has suffered and will continue to suffer great mental and emotion distress and anguish, all to his great detriment and loss.

**WHEREFORE**, MATTHEW PULS respectfully requests judgment in his favor, and against AMERICAN AIRLINES for compensatory damages, together with interest, costs and attorneys' fees.

## COUNT III

### Breach of Contract

### *NOOSI PULS v. AMERICAN AIRLINES*

45. NOOSI PULS incorporates and re-alleges the allegations of paragraphs 1 through 25, above.

46. NOOSI PULS entered into an agreement with AMERICAN AIRLINES to fly on the airplane owned and operated by AMERICAN AIRLINES, AMERICAN AIRLINES Flight 1846.

47. As part of the ticket, obligations by both parties were understood and certain federal rules and regulations were applicable and imposed certain obligations on both parties, specifically the Federal Aviation Act, for domestic flights.

48. AMERICAN AIRLINES' described violations constitute a breach of the contract entered into, by use of the ticket by NOOSI PULS as a passenger.

49. At all times relevant, NOOSI PULS complied with her obligations under the agreement.

50. As a direct and proximate result of AMERICAN AIRLINES' described breach of contract and/or breach of duties under the contract, NOOSI PULS suffered economic and noneconomic damages.

**WHEREFORE,** NOOSI PULS respectfully requests that judgment be entered against AMERICAN AIRLINES, for compensatory damages together with interest, costs and attorneys' fees.

## VI. DEMAND FOR JURY TRIAL

Plaintiffs, NOOSI PULS, individually, and MATTHEW PULS, as husband, demands trial by jury for all issues which are so triable.

Dated this 2nd day of May, 2017.

Respectfully submitted this 2nd day of May, 2017, by:

**LEE & LAZZARA, PLLC**

By:______________________________

**Domenick G. Lazzara, Esq.**
Florida Bar No.: 103071
dlazzara@leelazzara.com
**Haksoo Stephen Lee, Esq.**
Florida Bar No.: 88698
hlee@leelazzara.com
**Joseph Hwan-Yul Lee, Esq.**
Florida Bar No.: 947040
jlee@leelazzara.com
3804 W. North B Street
Tampa, Florida 33609
Telephone: (813) 606.4533
Facsimile: (813) 606.4500
Secondary email: brubright@leelazzara.com

*Attorneys for Plaintiffs*